**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4504**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHINH TIET NGUYEN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00069-WO-1)

Submitted:  January 18, 2019                    Decided:  February 11, 2019

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chinh Tiet Nguyen appeals the 24-month sentence imposed upon revocation of his supervised release. He argues that the sentence is plainly unreasonable because the district court did not adequately explain the basis for the sentence imposed. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "In determining whether a [revocation] sentence is plainly unreasonable, we first decide whether the sentence is unreasonable . . . follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006). A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case and adequately explains the sentence. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *See Crudup*, 461 F.3d at 440. Only if a sentence is found unreasonable will we assess whether it is plainly unreasonable. *Id.* at 439.

The district court revoked Nguyen's supervised release based on Nguyen's admissions that he violated the terms of his supervised release by engaging in illegal drug

2

use and by failing to report to his probation officer as required. Nguyen also admitted that he traveled outside the judicial district without permission, that he was arrested for driving while impaired, and that he was convicted of two motor vehicle improper equipment charges.

The district court determined that, based on the admitted violations and Nguyen's criminal history category, the advisory policy statement range was 12 to 18 months. The court informed the parties that it was considering an upward variance. The court explained its finding that classification of Nguyen's numerous violations as technical violations significantly understated the seriousness of his conduct. The court also found that Nguyen was not truthful to the court in his explanations of his conduct, but rather attempted to minimize and excuse his conduct.

After hearing the arguments of the parties as to an appropriate sentence, the district court imposed a 24-month sentence with no term of supervised release to follow. The court explained that it had considered the applicable 18 U.S.C. § 3553(a) factors as directed by § 3583(e) and determined that an upward variance was appropriate primarily to reflect the seriousness of the violations and the need to protect the public. Because the district court considered the applicable policy statement range, the applicable § 3553(a) factors, and the arguments of the parties, and adequately explained the sentence imposed, we conclude that the sentence is reasonable. *See Crudup*, 461 F.3d at 438-39.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*